## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMES BRYAN**                                      **CIVIL ACTION**

**VERSUS**                                              **No. 24-1663**

**KEVIN DIAZ, ET AL.**                                   **SECTION I**

### ORDER & REASONS

Before the Court is plaintiff James Bryan's ("Bryan") motion[1] to remand this case to the 34th Judicial District Court for the Parish of St. Bernard. Defendant GEICO Marine Insurance Company ("GEICO Marine") filed a response[2] in opposition. Bryan filed a reply.[3] Defendants Jamie Jo, LLC ("Jamie Jo") and Kevin Diaz ("Diaz") did not file any response to Bryan's motion, and the deadline for doing so has passed. For the reasons that follow, the Court grants Bryan's motion to remand.

## I.    BACKGROUND

This case concerns an alleged boating accident that occurred on or about October 4, 2022.[4] Bryan originally brought this suit in Louisiana state court in St. Bernard Parish, alleging that Diaz was operating commercial oyster boat LA-9912-BE, owned by Jamie Jo, when the oyster boat operated by Diaz struck Bryan's vessel and caused him to suffer personal injuries.[5] The complaint states claims against Diaz

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 10.
[3] R. Doc. No. 13.
[4] R. Doc. No. 3-2, at 1 (Bryan's complaint).
[5] *Id.* at 2.

for negligence, Jamie Jo as the employer of Diaz pursuant to a theory of *respondeat superior*, and GEICO Marine as Bryan's insurer.[6]

Bryan's complaint states that Bryan is a resident of Louisiana, Diaz is a resident of Louisiana, Jamie Jo is a Louisiana limited liability company, and GEICO Marine is a foreign insurer.[7] GEICO Marine admits to being a foreign insurer, incorporated pursuant to the laws of the state of Nebraska, with its principal place of business in Virginia.[8] Jamie Jo likewise admits to being a Louisiana limited liability company and to being the owner of the commercial oyster boat LA-9912-BE.[9] However, during the course of discovery, GEICO Marine states that it discovered evidence that Bryan was domiciled in Mississippi, creating complete diversity between the parties.[10] On this basis, GEICO Marine removed the above-captioned matter to this Court.[11] The only basis on which GEICO Marine asserts federal jurisdiction is diversity of citizenship.[12]

Bryan then filed the present motion[13] to remand the above-captioned matter to state court, arguing that GEICO Marine improperly removed this case to federal court. While Bryan admits in his motion that he is a citizen of Mississippi, Bryan argues that GEICO Marine's removal of this case was improper because Jamie Jo is

---

[6] *Id.*

[7] *Id.* at 1.

[8] R. Doc. No. 3-5, at 1 (GEICO Marine's answer); R. Doc. No. 3, ¶ 7 (GEICO Marine's notice of removal).

[9] R. Doc. No. 3-7, at 1 (Jamie Jo's answer).

[10] R. Doc. No. 10, at 5–6.

[11] R. Doc. No. 3.

[12] R. Doc. No. 3-1.

[13] R. Doc. No. 9.

a Louisiana company and was properly joined at the time of removal, thereby foreclosing removal based on diversity of citizenship.[14] In its opposition, GEICO Marine argues that Jamie Jo was not properly joined at the time of removal because Bryan's allegations against Jamie Jo are conclusory and have no basis in fact.[15] It also argues that Diaz has not been properly served.[16]

## II.    STANDARDS OF LAW

### a.  Standard for Remand

Pursuant to 28 U.S.C. § 1332(a), U.S. district courts have original jurisdiction over civil actions where the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. When a civil action over which the U.S. district courts have original jurisdiction is filed in a state court, defendants ordinarily may remove the case to the U.S. district court and division "embracing the place where such action is pending." *Id.* § 1441(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2).

Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). However,

---

[14] R. Doc. No. 9-1, at 1.
[15] R. Doc. No. 10, at 8.
[16] *Id.* at 12–13.

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### b. Improper Joinder

Despite the limit on removal for cases with a defendant who is a citizen of the forum, a district court can dismiss a defendant who is improperly joined and disregard its citizenship for the purposes of evaluating the court's jurisdiction. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). Improper joinder[17] is established by showing (1) "actual fraud in pleading jurisdictional facts" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse defendant." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). Only the second basis is at issue here.[18]

With respect to the second basis to show improper joinder, the Fifth Circuit has stated that the party asserting federal jurisdiction must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d

---

[17] "While the Fifth Circuit uses the term 'fraudulent joinder' and 'improper joinder' interchangeably, the preferred term is 'improper joinder.'" *Ayres v. Sears*, 571 F. Supp. 2d 768, 772 (W.D. Tex. 2008) (citing *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d at 571 n.1 (5th Cir. 2004) ("We adopt the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred.")).

[18] GEICO Marine, in its response to Bryan's motion to remand, does argue that Bryan fraudulently pled jurisdictional facts in his complaint. R. Doc. No. 10, 6–8. However, this argument is irrelevant to the question of whether the Court should remand this case because it relates to Bryan's citizenship as the plaintiff rather than whether either Jamie Jo or Diaz, as Louisiana citizens, were improperly joined.

568, 573 (5th Cir. 2004). In doing so, courts "examine all factual allegations and ambiguities of state law in the light most favorable to the party resisting jurisdiction." *Williams v. Homeland Ins.*, 18 F.4th 806, 811 (5th Cir. 2021). Indeed, "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574. However, any possibility of recovery "must be reasonable, not merely theoretical." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

This standard for improper joinder is similar to the standard that courts use when analyzing whether a party failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because the court looks to the allegations in the complaint to determine whether it states a valid claim against the non-diverse defendant. *Flagg*, 819 F.3d at 136. To state a valid claim, the plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim need not contain "detailed factual allegations." *Id.* However, "the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc. v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). And a complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted).

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. "The scope of the inquiry for [improper] joinder, however, is broader than that for Rule 12(b)(6)." *Ross*, 344 F.3d at 462. In cases where the plaintiff has stated a claim yet has "misstated or omitted discrete facts that would determine the propriety of joinder," the court can pierce the pleadings and consider summary judgment-type evidence "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74.

### c. Respondeat Superior

Pursuant to Louisiana law, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La. C.C. art. 2320. Three elements must be met to hold an employer liable pursuant to the doctrine of *respondeat superior*: (1) "an employer/employee relationship," (2) "a negligent or tortious act on the part of an employee," and (3) "the act complained of must be committed in the course and scope of employment." *Jones v. Maryland Cas. Co.*, 339 So. 3d 1243, 1249 (La. Ct. App. 2022).

In determining whether an employer/employee relationship exists, the most important factor is "the right of the alleged employer to control the work of the individual." *Sparks v. Progressive Am. Ins.*, 517 So. 2d 1036, 1038 (La. Ct. App. 1987). The primary evidentiary factors that courts consider in determining the right to control include "(1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control." *Lagrange v. Boone*, 337 So. 3d 921, 926 (La. Ct.

App. 2022), *writ denied*, 339 So. 3d 1185 (La. 2022). However, no one factor controls the inquiry. *Id*. And it is well settled that "whether the employer actually exercises control or supervision over the worker is not as significant as whether, from the nature of the relationship, the employer had the right to do so." *Sparks*, 517 So. 2d at 1038.

Whether conduct is in the course and scope of employment is likewise a context-specific inquiry. *Orgeron ex rel. Orgeron v. McDonald*, 639 So. 2d 224, 226 (La. 1994). However, conduct is usually in the course and scope of employment if "the conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer." *Id*. at 226–27.

## III.   ANALYSIS

At this time, Bryan does not dispute that there is complete diversity of citizenship.[19] Likewise, GEICO Marine does not dispute that this case must be remanded if any of the defendants properly joined at the time of removal are citizens of Louisiana.[20] Thus, the only issue left to be resolved is whether either Jamie Jo or Diaz were properly joined at the time of removal. Because the Court concludes that Jamie Jo was properly joined at the time of removal, the Court declines to address GEICO Marine's arguments that Diaz was not properly served.

---

[19] *See generally* R. Doc. No. 9 (Bryan's motion to remand).
[20] *See generally* R. Doc. No. 10 (GEICO Marine's response in opposition to Bryan's motion to remand).

GEICO Marine states that Bryan's allegations against Jamie Jo are merely conclusory with no basis in fact because Bryan only alleges that Jamie Jo is Diaz's employer without giving any facts to suggest an employer/employee relationship.[21] GEICO Marine argues that the allegations that Jamie Jo allowed Diaz to use its oyster lugger are insufficient to establish an employer/employee relationship because the relationship "could be one of vessel owner and demise or bareboat charterer."[22]

Yet Bryan's complaint contains more than mere legal conclusions or formulaic recitations of the elements of *respondeat superior* liability. Bryan's complaint alleges that Jamie Jo is the "owner and/or operator of commercial oyster boat LA-9912-BE."[23] It further states that Jamie Jo "employed and/or hired [Diaz] to operate the oyster boat" and that Diaz was operating the oyster boat when he struck Bryan's vessel.[24] This is enough to plausibly conclude that discovery may reveal evidence supporting each element for *respondeat superior*—namely that Diaz was Jamie Jo's employee hired to operate a commercial oyster boat, that Diaz was negligent, and that Diaz was acting within the course and scope of employment by operating the oyster boat when the negligence occurred. The factual matter alleged therefore raises a "reasonable basis for [the Court] to predict that [Bryan] might be able to recover against [Jamie Jo]." *See Smallwood*, 385 F.3d at 573.

---

[21] R. Doc. No. 10, at 8.
[22] *Id.* at 8 & n.43.
[23] R. Doc. No. 3-2, at 1.
[24] *Id.* at 2.

While the facts alleged may also be consistent with a relationship other than that of employee and employer, Bryan need not plead the "very detailed and specific allegations" to overcome these possibilities to state a plausible claim. *See Flagg v. Stryker Corp.*, 647 Fed. Appx. 314, 318 (5th Cir. 2016) (unpublished). Furthermore, GEICO Marine has the burden of demonstrating that there is no reasonable basis for the Court to conclude that Bryan may recover against Jamie Jo. Accordingly, mere speculation about possible alternative relationships is insufficient to establish improper joinder and federal jurisdiction over this matter.

Because the inquiry for improper joinder is broader than that of Rule 12(b)(6), allowing the Court to pierce the pleadings to establish discrete and undisputed facts that would preclude recovery, Jamie Jo was permitted to submit evidence establishing that its relationship to Diaz was something other than that of employee and employer. Yet in the absence of such evidence and with sufficient facts alleged in the complaint to raise a plausible claim, this Court must resolve all doubt in favor of Bryan as the party opposing federal jurisdiction. The Court therefore concludes that Jamie Jo was properly joined at the time of removal.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Bryan's motion to remand is **GRANTED**. The above-captioned matter will be remanded to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, August 20, 2024.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**